CHARLES COBURN *vs.* BOSTON PAPIER MACHÉ MANUFACTURING COMPANY.

Proving a claim against a corporation in insolvency under *St.* 1851, c. 327, and receiving a dividend thereon, will not bar a suit against the corporation for the rest of the debt.

ACTION OF CONTRACT on three promissory notes. Trial and verdict for the plaintiff in the superior court of Suffolk at May term 1856, before *Nash*, J., who signed a bill of exceptions, the material parts of which appear in the opinion.

*C. G. Thomas*, for the defendants, cited Angell & Ames on Corp. §§ 638, 779, and cases cited; Grant on Corp. 304, 305; *Greeley* v. *Smith,* 3 Story R. 657; *Slee* v. *Bloom*, 19 Johns. 474, 475, 477; *Mayor &c. of Colchester* v. *Brooke*, 7 Ad. & El. N. R. 383; *The King* v. *Pasmore*, 3 T. R. 221, 222; *Regina* v. *Mayor &c. of Tregony*, 8 Mod. 129; *Dearborn* v. *Ames*, 8 Gray, 1; *St.* 11 & 12 Vict. c. 45.

*B. Dean*, for the plaintiff, was stopped by the court.

SHAW, C. J. The defendants are a manufacturing corporation, and this suit is upon three promissory notes, of which the company are promisors. It appears by the answer that the corporation were placed in insolvency under the *St.* of 1851, c. 327 ; that the proceedings were regularly commenced

and conducted before a commissioner of insolvency lor the county of Norfolk, debts were proved, assignees chosen, the assignment made, and one dividend declared of twenty eight per cent. The plaintiff proved the debt now sued, and received a dividend. The defendants rely upon these facts as affording a defence to the suit.

But the statute makes no provision for any discharge of the insolvent corporation, and this is the characteristic distinction between this and the insolvent law of the Commonwealth in case of individual insolvent debtors. The reason for this distinction is not very apparent; probably the reason is, that after the whole of the property of a corporation is sequestered, and even the franchise, if that is of value, a judgment against the corporation, so far as the corporation is further liable, would be worthless. If there be a collateral liability, by statute or by special agreement or undertaking on the part of any other party, such liability would be in the nature of a suretyship, and so a discharge of the principal debtor would not, by the general principles of the insolvent law, discharge or release such suretyship. But if there be persons so situated as contingent sureties, rendering it necessary first to get a judgment against the corporation, as individual stockholders, sureties on bonds to dissolve attachments, or the like, then the corporation have no justifiable ground for saying that such creditors shall not avail themselves of such contingent liability by a judgment against the corporation for the unpaid balance of their debt. Of course, whatever the creditor obtains by way of dividend must first be deducted; and the other parties are to be pursued under this limitation, that no creditor shall receive from all such sureties and parties more than one full satisfaction and all costs.

The defendants' counsel contends and argues that, though they have appeared by attorney in this suit and answered, yet that the proceedings in insolvency amount to a total extinguishment of the corporation, and that the suit must therefore necessarily abate. But the court are of opinion, that there are no provisions in the statute and no circumstances in the case to warrant this conclusion. There is nothing in the proceedings

to prevent their continuing to accomplish the end and purpose of their existence, at least until their franchise, or right to act as a corporation, is sold under one of the provisions of the statute, if indeed such sale would have the effect. In general, such a franchise under such circumstances would be of little or no value ; though circumstances may exist which would give it some value.

The corporation, notwithstanding the proceedings in insolvency, may have assets sufficient to pay all their debts ; and then no impediment would exist, before a surrender pursuant to law, or a forfeiture ascertained and declared by a proper judicial proceeding, from resuming their business. Or if their capital is impaired* or wholly gone, this seems to be no reason, before such surrender or forfeiture, to prevent the members from furnishing renewed capital, and then proceeding to use their corporate powers.

But a strong reason why these proceedings do not work a dissolution is, that if the legislature had so intended they would have so declared. *Exceptions overruled.*