Filed April 16, 1886.

---

No. 12,443.

## LAWRENCE ET AL. *v.* McVEAGH ET AL.

ASSIGNMENT FOR BENEFIT OF CREDITORS.—*Right of Action by Creditor.*— The statute governing voluntary assignments by debtors for the benefit of creditors does not suspend the creditor's right to maintain an action at any time, in the proper court, for the recovery of a personal judgment against the assignor for the amount due.

From the Kosciusko Circuit Court.

*C. Clemans,* for appellants.

*J. D. Widaman,* for appellees.

HOWK, J.—In this case, appellees' complaint contained two paragraphs. The first paragraph counts upon a promissory note, executed by appellants to appellees, and the second paragraph declares upon an open account for goods and merchandise sold and delivered to appellants by the appellees. The action was commenced on the 30th day of April, 1885. Afterwards, appellants entered a special appearance and answered in a single affirmative plea to the jurisdiction of the court over appellees' cause of action and over the persons of appellants, in abatement of this suit. Appellees' demurrer to

this plea, for the alleged insufficiency of the facts therein to constitute a defence to their suit, was sustained by the court. To this ruling appellants excepted, and, failing to amend or plead further, judgment was rendered against them as upon default, for the amount found due appellees, and the costs of suit.

The sustaining of appellees' demurrer to appellants' plea to the jurisdiction is the only error of which the latter complain in this court.

Appellants' plea is very long, but we will give its substance as briefly as we can. They aver that they were all residents of the town of Pierceton, in Kosciusko county, Indiana, and were and had been partners under the firm name and style of Lawrence, Spayde & Co., and, as such partners, were and had been engaged in the business of general merchants in the dry goods and grocery trade, and of private bankers in such town of Pierceton, from March, 1880, until the 17th day of February, 1885. They further averred that, on the day last named, as such partners, they had become and were in embarrassed and failing circumstances; that they then owned a large amount of real and personal property, of the aggregate value of, to wit, $40,000, belonging to them as such partners; and that all their partnership debts were then due, and they could not convert the assets of the partnership into money, and, as such firm, they were unable to pay the debts of the partnership. They then alleged that, to prevent a sacrifice of their property and assets as such partners, they as a firm, on such 17th day of February, 1885, in conformity with the statute of this State providing for voluntary assignments, executed a general assignment of all their partnership property and assets, real and personal, to Charles W. Chapman of the city of Warsaw, in trust for the benefit of all the *bona fide* creditors of such firm; that, on the same day, the indenture of assignment was duly acknowledged and filed and recorded in the recorder's office of Kosciusko county; and that thereafter Charles W. Chapman qualified, according

'to law, as the trustee of such trust, and entered upon and was still acting in the discharge of the duties of his aforesaid trust.

There are many more allegations of facts in appellants' plea, but we have stated enough, we think, to show their grounds of defence and their reasons for claiming, as they do, that appellees ought not to be permitted to have and maintain this action against them.

In section 2667, R. S. 1881, the trustee in a voluntary assignment is required to give notice of his appointment, and the manner of giving such notice is prescribed therein. There is no provision in the voluntary assignment law which authorizes or requires a creditor of the assignor or of the trust estate to file his claim in the proper clerk's office, or to commence a suit thereon in the proper court, against either the assignor or his trustee for the amount alleged to be due. Manifestly, the theory of appellants' defence is that the only remedy of appellees, as creditors of the assignor firm, is to pursue the trustee in the voluntary assignment and the trust estate in his hands; and that, upon the facts stated in their special plea, the appellees can not assert their cause of action against the assignor firm, or the members of such firm, in any other way or manner, at least until the trust estate has been converted into money and exhausted. Appellants' counsel concedes, as we understand him, that this theory is not supported by any provision of the voluntary assignment law. But he claims that the provisions of the statute, regulating the settlement of decedents' estates, in relation to the collection of debts from such estates, should govern the collection of debts from the estates of voluntary assignors, and in this view he seems to be supported, to some extent at least, by what was said in *Gifford* v. *Black*, 22 Ind. 444. In speaking of the statute for the settlement of decedents' estates, and the act providing for voluntary assignments, in the case cited, it is said: " The substantial similarity of these statutes, in reference to the settlement of the estate of a de-

cedent, and the proceedings of a trustee under an assignment, compels us to the conclusion that very similar rules should prevail in the latter class of cases to those that maintain in the former."

The point decided in the case cited is, that the complaint therein did not specifically state facts enough to constitute a cause of action. What we have quoted from the opinion, therefore, is at most mere *dictum*, and, certainly, has no bearing upon the question we are now considering.

The question here may be thus stated : Does a debtor's execution of a voluntary assignment of all his property for the benefit of all his creditors, in conformity with the provisions of our statute, suspend the right of a creditor to have and maintain his action, in the proper court, for the recovery of a personal judgment against the debtor assignor for the amount found due, until the trust estate has been converted into money and exhausted, or for any period of time?

We are of opinion that this question ought to, and must, be answered in the negative. The execution of the voluntary assignment does not, and the exhaustion of the trust estate may not, pay the assignor's debt to his creditor. The statute governing such assignments nowhere provides for or requires the suspension of the creditor's right to have and maintain an action, in the proper court, for the recovery of a personal judgment against the assignor for the amount found due, either pending the settlement of the trust or for any period of time. Nor does the statute provide or prescribe, in terms, any specific mode of procedure to be pursued by the creditor in the collection of his claim from the assignor or his trustee, or of his *pro rata* share of the trust estate. It is apparently contemplated by the statute, but not expressly required, that the creditor may present his claim against the trust estate to the trustee. For, in section 2672, R. S. 1881, it is provided that, within six months after entering upon the duties of his trust, the trustee shall make report to the judge of the proper court, *inter alia*, giving " a list of all claims of

creditors which have been presented to him against the assignor, noting such as he has concluded should be allowed and such as he has determined not to allow." Section 2673, R. S. 1881, makes it the duty of the clerk of the proper court to spread such report and list upon the appearance-docket of the court, distinguishing between such claims as the trustee has determined to allow, and such as he has refused to allow. This section then provides that, in all cases where the trustee has refused to allow any claim, and where any creditor objects to the allowance of the claim of any other creditor or creditors, the judge of such court may order such case or cases to stand for trial at the next term of such court thereafter.

These are all of the provisions of the voluntary assignment law which seem to have any bearing upon the proceedings of the creditors of the trust estate. Certainly, these provisions do not, and were not intended to, suspend the right of any creditor to recover a personal judgment against the assignor debtor for the amount found due, for any period of time. The Kosciusko Circuit Court, under our laws, is a court of general jurisdiction, and, of course, had jurisdiction of appellees' cause of action. In their special plea, appellants admit that they were all residents of Kosciusko county, and, therefore, in the absence of any showing to the contrary, we must presume that the court below had full and complete jurisdiction of the persons of all the appellants, in some one of the modes known to our law.

Our conclusion is that appellees' demurrer was correctly sustained to appellants' plea to the jurisdiction.

The judgment is affirmed, with costs.

Filed April 15, 1886.