## WILLIAM CACKLEY v. SAMUEL J. SMITH.

RES JUDICATA — *Merger.* An action instituted in another state to have certain conveyances set aside and subject the property described therein to the payment of the plaintiff's judgment and the claims of all other creditors who might come and set up their demands, is not a bar to an action brought by one of such creditors in this state upon a promissory note owned by him, notwithstanding the fact that he appeared in the former action, filed a cross-petition, and obtained a finding from the court of the amount due him upon his note, but did not obtain a personal judgment against the defendant in that action, nor receive anything from the sale of the property affected by such proceeding. To constitute a merger, there must be a valid and subsisting judgment rendered on the cause of action.

*Error from Rice District Court.*

SUIT by *Smith* against *Cackley* on a promissory note. Judgment for plaintiff, at the April term, 1889. The defendant comes here. The opinion states the facts.

M. A. *Thompson*, for plaintiff in error.
J. W. *Brinckerhoff*, for defendant in error.

Opinion by GREEN, C.: Samuel J. Smith sued William Cackley in the district court of Rice county upon a promissory note for $1,254.90, executed on the 1st day of January, 1884, and due in 12 months after date, with interest at 8 per cent. per annum. The defendant alleged that this note had been merged into a judgment rendered in the court of common pleas of Jackson county, Ohio, in an action brought by the Centerville National Bank, of that county. This bank brought an action against William Cackley and Sarah E. Spriggs, to have a certain conveyance of some real estate made by Cackley to Spriggs set aside. The plaintiff in that case had previously obtained a personal judgment, and asked that the conveyance be declared fraudulent as to the creditors of Cackley, that the property be administered for the benefit of the plaintiff and all other creditors who might come in and be entitled to share in the proceeds according to their respective claims and priorities. Summons was served upon the defendants, and notice was given by publication to the creditors of Cackley. The plaintiff below was one of the creditors, and he filed a cross-petition, setting forth the note sued on in this action, and asked to be made a party, and that the lands described in the petition of the Centerville National Bank be sold and administered for the benefit of all of the creditors of Cackley, that an account be taken of the amount due him on his note, and that he be paid out of the proceeds of the sale of the property according to priority. The action of the bank was successful; the conveyance was set aside. A certain deed of assignment made by Cackley was also set aside and a trustee was appointed by

the court, who was authorized to sell the property that had been fraudulently disposed of, and pay the creditors of Cackley according to priority. The trustee, acting under the orders of the court, sold the property, and the court found the amount due and owing the various creditors, and directed the payment of the costs and attorney's fees first, and then the payment of certain creditors in full, which left the claim of Smith unpaid. Upon this state of facts, the plaintiff asked and obtained a judgment upon the pleadings for the amount due upon his note, in the district court of Rice county.

The only question presented by the record is, whether this was error. Was the note sued upon merged in the proceedings in the common pleas court of Jackson county, Ohio? We are obliged to answer this question in the negative. To make the merger complete, so as to be a bar to any future action upon the same obligation, there must necessarily be a judgment; and such a judgment, too, as can be enforced. Can it be said ,in this case that the plaintiff below obtained such an order in the common pleas court of Jackson county, Ohio, as he could make available in the collection of his debt after the property subjected to the payment of certain creditors of Cackley had been exhausted? or, in other words, could he have brought suit upon the proceedings had in that court and obtained any relief? There was only a finding of the amount due each one of the creditors; and in the same finding of the court there was an order directing the payment of the proceeds to other creditors, which left the plaintiff below in the same condition as when he filed his answer. He had obtained nothing upon his note, and had no order, decree or judgment which he could enforce. The supreme court of Ohio seemed to have taken this view of a similar order in the case of *Conn v. Rhodes*, 26 Ohio St. 645, which was an action to foreclose a mortgage, with a prayer for a personal judgment. Upon default of an answer, the court entered a decree for the sale of the mortgaged premises, but rendered no personal judgment. The court said:

"Where the record in such case showed that the court, on

hearing of the cause, 'considered that the plaintiff ought to recover' a specified amount, and ordered the sale of the mortgaged premises for its satisfaction, *held*, that the record shows no personal judgment against the defendant, but a mere finding of the amount due, with an order of sale."

Judge Cooley said, in the case of *Wixom v. Stephens*, 17 Mich. 518: "If, by reason of the mistake, the judgment rendered by the justice was not valid, so that the plaintiff could enforce it, then it would seem that it could not constitute a bar to a new suit on the note. The bar in such case springs from the party having already obtained a higher security; and where he has got no new security, his remedy upon the original demand is not taken away." The law of the case was stated in the syllabus, that "a debt is not merged in a judgment until a valid judgment has been obtained upon it."

The supreme court of Nebraska has held that the presentation and proof of a creditor's claim in Illinois against an assigned estate there is not a bar to such creditor's right of action in the former state, there being nothing in the statute of Illinois or in the deed of assignment restricting creditors to their respective demands, or suspending any other remedy previously opened to them. (*Gross v. Bunn*, 10 Neb. 217.)

The law of merger is thus stated in Black on Judgments, § 674:

"But in order that the principle of merger may apply, it is necessary that the identical cause of action should have passed into judgment, in a litigation between the same parties or their privies, and that the plaintiff should have had a full and complete opportunity to recover his whole demand. In a case in Arkansas, it was held that a judgment against a steamboat— that being a judgment *in rem* and not enforceable against the property of the owners—if unsatisfied, could not be pleaded as a bar to a subsequent action against the owners of the boat on the same contract. In reaching this conclusion, the court said it was evident that a judgment against the vessel was not even substantially a judgment against the owners, and consequently that the former recovery relied on was no bar to the present action." (*Toby v. Brown*, 11 Ark. 308; Freeman, Judgm., § 606.)

If the action in the Ohio court is to be treated as a proceeding *quasi in rem*, clearly the note of the plaintiff below was not merged in the orders made by the court in that case. Text-writers and courts make a distinction between actions *in rem* and proceedings *quasi in rem*, and the latter term is applied to suits brought against persons where the plaintiff's object is to subject certain property of those persons to the payment of the claims asserted.

"Such are actions in which property of non-residents is attached and held for the discharge of debts due by them to citizens of the state, and actions for the enforcement of mortgage and other liens. Indeed, all proceedings having for their sole object the sale or other disposition of the property of the defendant to satisfy the demand of the plaintiff are in a general way thus designated." (*Freeman v. Alderson*, 119 U. S. 187; Black, Judgm., § 793.)

The action of the Centerville National Bank, in the Ohio court, comes unmistakably within this class of cases. Such a proceeding of a domestic as well as a foreign court, where jurisdiction over the person of a party has not been obtained, except as to his interest in the property affected by such proceedings, is not conclusive or binding by way of estoppel in another action. (*Durant v. Abendroth*, 97 N. Y. 132; Freeman, Judgm., § 606.)

The same doctrine is stated in Res Adjudicata (Wells), § 555:

"As to actions *in rem*, we may here state in general terms that there can be no rightful action by the tribunal on the basis of jurisdiction acquired by the attachment of property that can reach beyond the property itself, and of course it cannot be enforced in another state."

It necessarily follows from this view of the law that the district court committed no error in sustaining the demurrer of the plaintiff below to the answer of William Cackley.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.

*Per Curiam:* The facts being the same in the case of WILLIAM CACKLEY V. DAVID S. PARRY *et al.* as in *Cackley v. Smith,* just decided, this case is affirmed, upon the authority of that case.