## J. N. LIMBOCKER v. WILLIAM P. HIGINBOTHAM.

ASSIGNMENT — *Rights of Creditors.* A creditor may maintain an action upon the original claim against an assignor who has made an assignment for the benefit of creditors, which is still open, and recover a personal judgment against him for the amount due, notwithstanding such creditor has presented and had allowed in full a claim against the estate upon which no payment has been made.

*Error from Riley District Court.*

ACTION brought by *Limbocker* against *Higinbotham*, to recover $1,078.20, which had been deposited with Higinbotham as a private banker. There was a trial without a jury, and the following findings of fact and of law were made by the court:

"FINDINGS OF FACT.

"1. Prior to the 31st day of December, 1888, defendant, William P. Higinbotham, had been engaged in business as a private banker at Manhattan, Riley county, Kansas.

"2. On the 31st day of December, 1888, defendant was indebted to the plaintiff, as a depositor in his bank, in the sum of one thousand and seventy-eight dollars and twenty cents ($1,078.20) for balance on open deposit account.

"3. On the 31st day of December, 1888, defendant made an assignment for the benefit of his creditors.

"4. On the 2d day of January, 1889, the clerk of the district court of Riley county sent notices to the creditors of the defendant, and, among others, to the plaintiff, who received the same, to the effect that a meeting of the creditors would be held at his office on the 28th day of January, 1889, for the purpose of electing a permanent assignee of said William P. Higinbotham.

"5. On the 28th day of January, 1889, at the meeting of the creditors of said defendant called by said notice, Orville Huntress was elected permanent assignee of said defendant, and said plaintiff was present at said meeting and participated in said election.

"6. Said Huntress, as permanent assignee of said William P. Higinbotham, gave public notice, as required by law, that on the 16th, 17th and 18th days of June, 1889, at the office of the Blue Valley Bank, in Manhattan, the county seat of Riley county, he would proceed to adjust and allow demands against the estate and effects of said William P. Higinbotham, and also notified this plaintiff by letter of the time and place of such allowance of demands more than three months before the time fixed therefor.

"7. On the 18th day of June, 1889, this plaintiff appeared before said Huntress, as assignee of said William P. Higinbotham, at the place named in said notice, and there presented a claim against the estate of said William P. Higin-

botham for the sum of $1,078.20, and asked that the same be allowed in full, with interest thereon up to the date of allowance, amounting to $1,113.40, as a demand against the estate and effects of said William P. Higinbotham, and such claim so presented and allowed was the same claim and debt for which the plaintiff seeks to recover a judgment in this action.

"8. No appeal was taken from the decision of said Huntress, as assignee, allowing said claim of plaintiff."

"CONCLUSIONS OF LAW.

"1. Plaintiff is not entitled to recover in this action upon the claim sued on.

"2. Defendant is entitled to recover his costs."

Upon these findings, judgment was given in favor of the defendant. The plaintiff brings the case to this court for review.

*G. C. Clemens,* and *F. L. Irish,* for plaintiff in error:

Had Higinbotham put into his assignment a clause requiring his creditors to release their debts as a condition of sharing in the estate, this court would have held the assignment void for that reason; yet the court below holds that such a provision would have been harmless, as providing for nothing more than the law itself effects, without any such provision.

True, this court has held that an allowance or a rejection of a claim by the assignee is a judgment. How could it be otherwise? And, of course, the allowance of Limbocker's claim afforded conclusive proof of his debt. But that is a very different thing from holding that such an allowance destroys the debt save for the purposes of the assignment alone. This court did not hold that the creditor could not sue, but that he had no claim, because the assignee's rejection, never set aside, was an adjudication to that effect. An allowance by the assignee makes the claim stronger — it does not destroy it. The allowance is a judgment *in rem,* enforceable only against the estate in the hands of the assignee in the precise mode pointed out by statute; no execution can ever issue upon it. Even judgment given upon appeal is not to be enforced in the or-

dinary way, but is to be certified to the assignee and to take effect precisely as an allowance by him in the first instance. Actions on the original demands have been maintained; but we can find no case where an action has been brought on the allowance itself.

At most, assignment proceedings are but a statutory remedy for the collection of a debt; a remedy unknown to the common law, and existing by virtue of a statute alone. It is generally supposed that, in the absence of an express provision to the contrary, statutory remedies for common-law rights are cumulative, not exclusive nor elective; and that a party may pursue all his remedies until he obtains one complete satisfaction.

But the point has been decided that an action may be maintained on a claim proved under an assignment, where no statute forbids, even after a receipt of a dividend. See generally: *Barker v. Haskell*, 9 Cush. 218, 222; *Coburn v. Papier Mache Co.*, 10 Gray, 243; *Johnson v. Bleaching Co.*, 15 id. 216; *Worsted Co. v. Holliston Mills*, 149 Mass. 359; *Hammond v. Pinkham*, 149 id. 356; *Greenwald v. Appell*, 17 Fed. Rep. 140; *In re Bird*, 39 Minn. 520; *Newark v. Stout*, 52 N. J. L. 35. See, also, *Toby v. Brown*, 11 Ark. (6 Eng.) 308; *Nelson v. Couch*, 15 C. B. (N. S.) 99; *The Cerro Gordo*, 54 Fed. Rep. 391–395; *Durandt v. Abendroth*, 97 N. Y. 133–143; 2 Black, Judg., p. 812, § 674.

*Jno. E. Hessin*, for defendant in error:

Counsel for plaintiff in error state in their brief: "True, this court has held that an allowance or rejection of a claim by an assignee is a judgment." This is our case. The court did not hold that the allowance destroyed the debt except for the purpose of the assignment. It was not necessary to so hold to arrive at the court's conclusion.

In the case of *The State v. Insurance Co.*, 32 Kas. 655, this court has held that this allowance by the assignee was and is a judgment; that it is of such a character that it operates as a bar to prevent a recovery on a judgment rendered

in another state on the same cause of action. And why not? This assignee's court is one of limited jurisdiction, but it is a court nevertheless, and its judgments are of as much binding force as those of any other court of general jurisdiction, provided it had jurisdiction to determine the controversy before it.

"As a general rule, whenever any person or persons have authority to hear and determine any question, their determination is, in effect, a judgment, having all the incidents and properties attached to a similar judgment pronounced in any regularly created court of limited jurisdiction acting within the bounds of its authority." Freem. Judg., § 531.

The proposition will not be disputed that a claim reduced to judgment cannot afterward be sued upon. The judgment then becomes the contract of the parties.

Where a statute provided for the presentation of a claim against estates before a county court, it was held a claim so established was merged into the judgment establishing it. *Suyden v. Barber*, 18 N. Y. 468; *Thomas v. Mohler*, 25 Md. 36. See, also, 13 How. Pr. 484; *Groat v. Pracht*, 31 Kas. 656.

In counsels' brief, the proposition is laid down that an action may be maintained on a claim proved under an assignment, where no statute forbids, even after the receipt of a dividend. The proposition may be true, but certainly the doctrine is not supported by the citations contained in their brief.

The opinion of the court was delivered by

JOHNSTON, J.: An assignment for the benefit of creditors having been made, which is still open, can a creditor who has presented and had allowed in full a claim against the estate which has not been paid maintain an action upon the original claim against the assignor? No provision of the statute relating to assignments which would preclude or suspend the right of a creditor to recover a personal judgment against the assignor has been brought to our attention, and we find nothing in the nature and effect of such proceedings which would sustain such a claim. The act of assignment

does not pay the debts nor discharge the assignor from liability for their payment. The assignment proceeding is in the nature of a proceeding *in rem*, and all who desire to share in the assigned assets must conform to the procedure prescribed by the statute. The adjudication of the assignee is binding upon the interests of every person whomsoever in the *res* or property brought within his jurisdiction, but this adjudication is not personally binding on the assignor, like a judgment *in personam*, and is not enforceable by general process. Our statute, unlike those of some other states, does not provide that the assignment of property and the distribution of the proceeds among the creditors shall operate as a discharge of the assignor from further liability. The debts are only discharged to the extent that the funds derived from the estate are distributed *pro rata* among the creditors. If he subsequently acquires other property, or if he possesses property which has not been assigned, no good reason is seen why a creditor may not pursue the ordinary remedies in obtaining satisfaction from such property for the unpaid debts. Under our statutes, a debtor may even make a partial assignment of property, provided all creditors may unconditionally participate in that which is assigned, and that the property not assigned is open and available to the remedies of all creditors. (*McFarland v. Bate*, 45 Kas. 1.) Can it be that the proving of a claim against such an estate will preclude the creditor from pursuing the ordinary remedies and from obtaining a judgment *in personam*, which may be a lien upon or may be enforced on general process against property not assigned?

The case of *The State v. Insurance Co.*, 32 Kas. 655, is strongly relied upon to sustain the contention that the allowance by the assignee was a judgment in which was merged the original claim. The decision, however, will not sustain that contention. There, the insurance company had made a general assignment for the benefit of creditors. A creditor presented his claim, but it was disallowed by the assignee. A judgment was obtained upon the original claim in another state, and, subsequently, the creditor attempted to have that

judgment paid out of the trust estate, which had then passed into the hands of a receiver. It was held that the adjudication by the assignee, from which no appeal had been taken, was final, and that the creditor was not entitled to share in the distribution of the assets of the estate. Such an adjudication is final so far as the assignment proceedings are concerned, and concludes all as to the distribution of the estate. The effort of the creditor to receive his *pro rata* share of an estate, assigned for the benefit of all, should not preclude him from converting his claim into a judgment against the assignor, which might at once become a lien against the unassigned estate or enforceable by execution against it. The allowance by the assignee cannot be so used, and is of no avail to him outside of the assignment proceedings. Section 21 of the assignment act provides for adjusting and allowing demands against the estate, and the only penalty prescribed for failing to present the claim of a debtor to the assignee is, that he shall be precluded from any benefit of the estate. (Gen. Stat. of 1889, ¶ 362.) There is no attempt to bar the plaintiff from maintaining an action for the recovery of a personal judgment against the debtor upon the original claim, nor from pursuing the ordinary remedies afforded by the law. The supreme court of Indiana, in a similar case, held that an assignment of all the property of the debtor for the benefit of all his creditors did not suspend the right of the debtor to have and maintain his action in the proper court for the recovery of a judgment against the assignor, either pending the settlement of the trust, or for any period of time. (*Lawrence v. McVeagh,* 106 Ind. 210.) As sustaining the view herein taken, we cite, also, *Cackley v. Smith,* 47 Kas. 642; *Barker v. Haskell,* 9 Cush. 218; *Sanborn v. Norton,* 59 Tex. 308; *Coburn v. Mfg. Co.,* 76 Mass. 243; *Johnson v. Bleaching Co.,* 15 Gray, 216; *Newark v. Stout,* 52 N. J. Law, 35; *Worsted Co. v. Holiston Mills,* 149 Mass. 359; *Hammond v. Pinkham,* 149 id. 356; *Durandt v. Abendroth,* 97 N. Y. 132; *Nelson v. Couch,* 15 C. B. (N. S.) 99; *Toby v. Brown,* 11 Ark. 308; 2 Black, Judg., § 674.

We conclude that the plaintiff was entitled to recover a personal judgment against the defendant upon the original claim, for any amount that might be due thereon, regardless of the assignment proceedings. If payments have been made upon the allowance of the assignee, they should be deducted from the amount of recovery; but the record shows that no dividends had been declared or paid when the action was brought.

The judgment of the court below will be reversed, and the cause remanded, with instructions to enter judgment in favor of the plaintiff for the unpaid portion of his claim.

All the Justices concurring.