[Decided June 28, 1894.]

## THOMPSON *v.* REEVES.

[ S. C. 37 Pac. 47.]

ASSIGNMENT FOR BENEFIT OF CREDITORS*— CREDITOR'S RIGHT OF ACTION.—A voluntary assignment by a debtor of all his property for the benefit of all his creditors, under the assignment law of eighteen hundred and seventy-eight, does not bar the right of a creditor to maintain an action against him to recover a personal judgment.

APPEAL from Union: MORTON D. CLIFFORD, Judge.

This is an appeal from a judgment in favor of R. G. Thompson, as administrator of the estate of Wm. Ross, deceased, in an action commenced in August, eighteen hundred and ninety-one, on two promissory notes in favor of his intestate, dated October ninth, eighteen hundred and eighty-four, and November first, eighteen hundred and eighty-four, respectively, executed by the defendant, S. R. Reeves. The complaint is in the usual form. The answer avers, in substance, as a plea in abatement, that the defendant, being insolvent, duly made an assignment of his property for the benefit of all his creditors to one S. P. Florence, who immediately qualified and entered upon the discharge of his duties, and that in the statement of liabilities annexed to said assignment were the two notes

*The assignment act of eighteen hundred and seventy-eight (Laws, 1878, p. 36), comprised sections 3173–3186, inclusive, of Hill's Code, except section 3175, which was substituted in eighteen hundred and eighty-five (Laws, 1885, p. 75), for section 3 of the original act, which read as follows: "The debtor shall annex to such assignment an inventory, under oath, of his estate, real and personal, according to the best of his knowledge, and also a list of his creditors and the amount of their respective demands; but such inventory shall not be conclusive as to the amount of the debtor's estate, and such assignment shall not vest in the assignee the title to any other property belonging to the debtor at the time of making the assignment. Every assignment shall be in writing, and duly acknowledged in the same manner as conveyances of real estate, and recorded in the county where the person making the same resides, or where the business in respect of which the same is made has been carried on." The act of eighteen hundred and eighty-five also added section 3187, Hill's Code, as there was no provision in the old act for the debtor's discharge.—REPORTER.

sued upon; that he published a notice to creditors, as required by law, but that plaintiff's intestate failed and neglected to present his claim under the two notes in suit to the assignee within the time required by law, or at all, although a resident of the State of Oregon, and that said assignment is still pending. To this answer a demurrer was sustained by the court below, and, defendant refusing to plead or appear further, judgment was rendered against him, from which this appeal is taken.

AFFIRMED.

*Messrs. J. H. Slater & Sons,* for Appellant.

*Messrs. Cox, Cotton, Teal & Minor,* for Respondent.

Opinion by MR. JUSTICE BEAN.

The only question for our consideration is whether the voluntary assignment of a debtor of all his property for the benefit of his creditors, in conformity with the provisions of the assignment law of eighteen hundred and seventy-eight, (Code, §§ 3173–3187, except § 3175,) suspends or stays the right of a creditor to maintain an action for the recovery of a personal judgment against his debtor during the pendency of the assignment. It is conceded that the question thus presented must be determined under the assignment law as it stood prior to the amendment of eighteen hundred and eighty-five (Hill's Code, § 3187), providing for the discharge of a debtor when his estate is made to realize at least fifty per cent. of his indebtedness over and above all expenses of the assignment. Under this law an assignment is a voluntary act of the debtor for the benefit of his creditors, and not for his own benefit. By it his property is to be distributed *pro rata* among all his creditors, and to such a disposition of the property they are held to have assented. But the statute nowhere provides for or requires the suspension of a

creditor's right to maintain an action and recover a personal judgment against his debtor. Indeed, the fair implication is that such action may be maintained, for by section 1 of the act it is provided that the assignment shall have the effect to dissolve or discharge all attachments in actions where judgments have not been rendered at the date of the assignment, but suffers the action itself to proceed to judgment, and makes the costs and disbursements thereof and attorneys' fees allowed by law preferred claims against the estate. The object of the law is to provide for the equal distribution of the estate of an insolvent debtor among his creditors, and not to protect him against the payment of his debts, or to suspend or interfere with the right of a creditor to proceed in the proper court to establish his claim by action. The effect of an assignment, it is true, is to vest the estate in the assignee, so that it cannot be seized by process against the assignor, but must be distributed under the orders of the court having jurisdiction of the assignment; but there is nothing in the statute to prevent a creditor from suing his debtor and litigating his claim if he so desires. It only prohibits him from seizing the assigned property under process issued on any judgment that he might obtain. This is the construction of similar statutes in other states (*Lawrence* v. *McVeagh*, 106 Ind. 210, 6 N. E. 327; *Parsons* v. *Clark*, 56 Mich. 414, 26 N. W. 656), and seems to have been recognized as the correct construction of our statute by this court in *Dawson* v. *Coffey*, 12 Or. 513, 8 Pac. 838, in which it was held that a creditor must establish his claim by a judgment, or in some way obtain a lien upon the property before he can resort to a suit in equity to set aside an assignment for fraud. It follows from these views that the judgment of the court below must be affirmed.

AFFIRMED.