THE SHULLSBURG BANK v. O. P. WATSON, *as Assignee, et al.*—THE MOSHANNON BANKING COMPANY v. O. P. WATSON, *as Assignee.*—SAME v. O. P. WATSON, *as Assignee.*

Nos. 62, 63, 64.

GENERAL ASSIGNMENT—*Pleading and Practice.* A creditor may maintain an action upon an original claim against an assignor who has made an assignment for the benefit of creditors which is still open, and recover a personal judgment against him for the amount due, notwithstanding such creditor has presented a claim against the estate which has been disallowed by the assignee, and from which said ruling of the assignee an appeal is pending in the district court.

MEMORANDUM.—Error from Linn district court; S. H. ALLEN, judge.   Three separate actions, one by The Shullsburg Bank and two by The Moshannon Banking Company, against O. P. Watson, assignee, and others, to recover on promissory notes.   Judgment for defendants.   Plaintiffs bring the cases to this court. Reversed.   The opinion herein, filed December 4, 1895, states the material facts.

*Pulsifer & Alexander*, for plaintiffs in error.

The opinion of the court was delivered by

COLE, J.: These three cases are based upon the same state of facts, were tried upon the same plead-

ings, and by a stipulation in this court are to be passed upon together.

The facts are that the plaintiffs in error brought their three separate actions in the district court of Linn county against the several defendants in error named above, together with other parties whose rights have been finally adjudicated and are not changed by any action which may be taken in this court. These actions were founded upon three several promissory notes which had been indorsed by the Eastern Kansas Banking Company to the plaintiffs in error, which actions were commenced July 31, 1891. Prior to the commencement of said actions the Eastern Kansas Banking Company had made an assignment for the benefit of its creditors, under the statutes of this state in such case provided, and the defendant in error Watson had been appointed assignee of said insolvent corporation. The plaintiffs in error had filed before said assignee their claims founded upon each of the notes sued upon in the three above-entitled actions, and said assignee at the time and place appointed to hear the demands of creditors had rejected each of said claims and refused to allow the same as demands against the assigned estate. The plaintiffs had duly excepted to such decision of such assignee and had given notice of appeal in each case, and duly perfected the same to the district court of Linn county, where said appeals were pending at the time the answers were filed. The defendants in error filed a joint answer, in which they set up the facts above stated with regard to the assignment, and prayed that these said actions be abated because of the pendency of the appeals in the district court of Linn county taken by the plaintiffs in error from the decision of the assignee disallowing said demands against the estate; where-

upon plaintiffs in error filed a demurrer to each of said answers, which were overru¹ed, and the plaintiffs in error, not desiring to plead further, stood upon said demurrers and bring these causes here for review.

There is but one question raised in these cases, and that is, where an assignment has been made by an insolvent debtor under the statute for the benefit of creditors in general, and claims have been filed by a creditor before such assignee, whether or not such action prevents the maintenance of an action upon the original claim against the debtor, where the assignment is still open, by a creditor who has filed such claim before an assignee. This question has been fully settled in the cases of *Limbocker v. Higinbotham*, 52 Kan. 696, and *Smith v. Higinbotham*, 53 id. 250. The only difference between the facts in the cases at bar and in the cases just cited is that in the cases decided by the supreme court the claims had been allowed by the assignee but no payment had been made, while in these cases the claims have been disallowed and appeals are pending. This, however, as will be seen by the language quoted below, does not change the principle which is announced by our supreme court.

In the case of *Limbocker v. Higinbotham*, supra, JOHNSTON, J., in delivering the opinion of the court, says:

"An assignment for the benefit of creditors having been made, which is still open, can a creditor who has presented and had allowed in full a claim against the estate, which has not been paid, maintain an action upon the original claim against the assignor? No provision of the statute relating to assignments which would preclude or suspend the right of a creditor to recover a personal judgment against the assignor has been brought to our attention, and we find nothing

in the nature and effect of such proceedings which would sustain such a claim. The act of assignment does not pay the debts nor discharge the assignor from liability for their payment. The assignment proceeding is in the nature of a proceeding *in rem*, and all who desire to share in the assigned assets must conform to the procedure prescribed by the statute. The adjudication of the assignee is binding upon the interests of every person whomsoever in the *res* or property brought within his jurisdiction, but this adjudication is not personally binding on the assignor, like a judgment *in personam*, and is not enforceable by general process. Our statute, unlike those of some other states, does not provide that the assignment of property and the distribution of the proceeds among the creditors shall operate as a discharge of the assignor from further liability. The debts are only discharged to the extent that the funds derived from the estate are distributed *pro rata* among the creditors. If he subsequently acquires other property, or if he possesses property which has not been assigned, no good reason is seen why a creditor may not pursue the ordinary remedies in obtaining satisfaction from such property for the unpaid debts. . . .

"The effort of the creditor to receive his *pro rata* share of an estate, assigned for the benefit of all, should not preclude him from converting his claim into a judgment against the assignor, which might at once become a lien against the unassigned estate or enforceable by execution against it. The allowance by the assignee cannot be so used, and is of no avail to him outside of the assignment proceedings. Section 21 of the assignment act provides for adjusting and allowing demands against the estate, and the only penalty prescribed for failing to present the claim of a debtor to the assignee is, that he shall be precluded from any benefit of the estate. (Gen. Stat. 1889, ¶ 362.) There is no attempt to bar the plaintiff from maintaining an action for the recovery of a personal judgment against the debtor upon the original claim, nor from pursuing the ordinary remedies afforded by the law."

From the views above expressed, it is evident that the district court committed error in overruling the demurrers filed in these cases, and it is the order of this court that the judgment in each of said cases be reversed and the causes be remanded, with instructions to the district court of Linn county to sustain the demurrer in each of said causes.

All the Judges concurring.