THOMAS BRYANT *vs.* PECK AND WHIPPLE COMPANY.

Hampden.     September 22, 1891. — October 24, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Duress — Equitable Relief.*

A person who becomes a party to a promissory note running to a corporation, and transfers stock to it, in consideration that it will not prosecute his son for perjury committed as its treasurer in making a return under the Pub. Sts. c. 106, § 54, and under its threat that otherwise his son would be prosecuted, is subjected to duress, and is entitled to equitable relief, although the transaction was an illegal one under the Pub. Sts. c. 205, § 27.

BILL IN EQUITY, filed in the Superior Court, alleging that the plaintiff, on or about December 16, 1889, became a party to a promissory note for $2,000, with his son, George T. Bryant, running to the defendant corporation, and at the same time assigned to it in writing thirty shares of its capital stock owned by him, of the par value of $3,000; that there was no legal consideration for the plaintiff's becoming a party to the note, or for such transfer of shares, but the plaintiff was induced to do both by the representations made to him by the defendant, and its officers and agents acting for it, that his son, who was its treasurer, had as such treasurer prepared a return for the defendant such as is required to be made and filed in the office of the Secretary of the Commonwealth annually under the Pub. Sts. c. 106, § 54, and had with its other officers signed and made oath to the same, which return had been duly filed, that some of the statements therein as to its condition were not true, and were then known by his son not to be true, whereby his son was guilty of the crime of perjury, and liable to be imprisoned in the state prison, and that for this crime his son would be by them prosecuted criminally unless he signed the note and made over the shares in its favor, but that his son would not be prosecuted if he signed the note and made over the shares; that to protect his son from threatened criminal prosecution, he became party to the note and transferred the shares; that he became party to the note and transferred the shares under duress; and that

the defendant refused upon demand to deliver up the note, or to strike his name therefrom, or to restore to him such shares.

The prayer of the bill was for a cancellation of the note or for striking his name therefrom, and for a retransfer of such shares to him, and for further relief.

The Superior Court sustained a demurrer filed by the defendant for want of equity ; and the plaintiff appealed to this court.

*W. G. Bassett*, for the plaintiff.

*G. M. Stearns*, for the defendant.

HOLMES, J.   According to the allegations of the bill, the plaintiff became a party to the note from which he prays to be relieved, and transferred his stock, in consideration that the defendant would not prosecute his son for perjury, and under a threat from it that otherwise his son would be prosecuted.   The transaction was illegal ; Pub. Sts. c. 205, § 27 ; *Gorham* v. *Keyes*, 137 Mass. 583 ; and if the parties stood on an equal footing, neither of them would have a remedy against the other.   *Atwood* v. *Fisk*, 101 Mass. 363.   But it is well recognized that, although both parties are chargeable with knowledge that their agreement is contrary to some rule of law, yet if one of them acts under duress, or what the law regards as undue influence on the part of the other, they do not stand on an equal footing, and the weaker one may be granted affirmative relief.   *Worcester* v. *Eaton*, 11 Mass. 368, 376.   *Belding* v. *Smythe*, 138 Mass. 530, 533.   It is settled that such threats as are alleged to have been addressed to the plaintiff constitute duress.   *Harris* v. *Carmody*, 131 Mass. 51.   See *Rau* v. *Von Zedlitz*, 132 Mass. 164.   And accordingly it has been decided in other jurisdictions, in cases like the present, that the plaintiff was entitled to relief in equity. *Foley* v. *Greene*, 14 R. I. 618.   *Schoener* v. *Lissauer*, 107 N. Y. 111.   *Williams* v. *Bayley*, L. R. 1 H. L. 200.   *Davies* v. *London & Provincial Ins. Co.* 8 Ch. D. 469, 477.   See *Sharon* v. *Gager*, 46 Conn. 189 ; *Rau* v. *Von Zedlitz*, 132 Mass. 164, 167–169.

In *Atwood* v. *Fisk, ubi supra,* cited as establishing a different conclusion, it seems to have been found or assumed that the plaintiffs had not been subjected to any undue pressure, as the decision states that there was " no such inequality in position, or abuse of advantages, as to entitle them to the aid of the court on the ground of public policy."          *Demurrer overruled.*