## ADKINS v. THE STATE.

LITTLE, J.   1. On the trial of a person charged with breaking and entering a railroad-car and stealing therefrom, which car, it was alleged in the bill of indictment, was owned by the Central of Georgia Railway Company, an instruction to the jury, that if the car which was broken and from which the goods were stolen was in the possession of the Central of Georgia Railway Company and shown to have been on its track at the time of the alleged larceny, this was sufficient proof of ownership to support the allegation of ownership in the indictment, was not error.

2. The evidence warranted the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.   All the Justices concurring, except Lewis, J., absent.*

Submitted May 19, — Decided June 3, 1902.

Indictment for breaking and entering railroad-car.   Before Judge Evans.   Washington superior court.   April 3, 1902.

*J. A. Robson,* for plaintiff in error.

*B. T. Rawlings, solicitor-general,* contra.

---

## MOORE v. THE STATE.

FISH, J.   There being no complaint that the court erred in any ruling made during the progress of the trial, or in charging the jury, and the evidence, though circumstantial, being amply sufficient to support the verdict, there was no error in overruling the motion for a new trial.

*Judgment affirmed.   All the Justices concurring, except Lewis, J., absent.*

Submitted May 19, — Decided June 3, 1902.

Indictment for burglary.   Before Judge Evans.   Washington superior court.   April 3, 1902.

*J. A. Robson,* for plaintiff in error.

*B. T. Rawlings, solicitor-general,* contra.