GEORGE REICHLE, Respondent, v. FRANK S. BENTELE, Appellant.

Kansas City Court of Appeals, December 1, 1902.

Duress: EVIDENCE: BONA FIDE DEBT. Evidence is reviewed and held insufficient to make a case of duress, since there was no threat of arrest—much less of immediate arrest—and the debt is admittedly a bona fide claim. (Cases considered.)

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

AFFIRMED.

*Hess & Lacy* for appellant.

(1) The court erred in taking the case away from the jury. Whether or not the note and mortgage was obtained under duress, was a question for the jury under proper instructions of the court. Cribbs v. Sowel, 87 Mich. 340; Thompson v. Wiggley, 26 L. R. A. 803; Bank v. Croco, 46 Kan. 620; Bank v. Kusworm, 26 L. R. A. 48; Ganz v. Weisenberger, 66 Mo. App. 110. (2) Duress exists when one by the unlawful act of another, is induced to make a contract under circumstances which deprive him of the exercise of his free will. 6 Am. and Eng. Ency. of Law, 64-69; Bryant v. Peck, 154 Mass. 460. (3) Under the evidence defendant was clearly entitled to go to the jury.

*R. W. Barrow* and *Guthrie & Franklin* for respondent.

(1) If one is under moral obligation to perform an act or make a contract, the mere fact that threats were made do not constitute duress and the law will hold that the act was done from moral obligation. Meredith v. Meredith, 79 Mo. App. 636. (2) Threats of imprisonment to constitute duress must be accompanied by the statement that "the prosecution had been begun and that the parties had the means at hand to instantly arrest and imprison." Buchanan v. Sartien, 9 Mo. App. 552; Wilkerson v. Hood, 65 Mo. App. 491; Claflin v. McDonough, 33 Mo. 412; Daris v. Luster, 64 Mo. 43; Danseh v. Crane, 109 Mo. 324. (3) As the mortgage was duly made and acknowledged, it can only be overthrown by clear, unequivocal and cogent testimony. Barnett v. Daris, 104 Mo. 549; Clark v. Edwards, 75 Mo. 87; Rust v. Coff, 94 Mo. 511; Biggers v. Building Co., 9 Mo. App. 210; Bohan v. Cosey, 5 Mo. App. 101; Springfield & Co. v. Donovan, 147 Mo. 622. (4) The case of Ganz v. Weisenberger, 66 Mo. App. 110, is not in point. That is a lightning rod case. The note and contract were without consideration and were procured by fraud, deception and intimidation. Clark v. Ed-

wards, Admr., 75 Mo. 87; Biggers v. Building Co., 9 Mo. App. 210; Engine & Threshing Co. v. Donovan, 147 Mo. 622. (5) Defendant's evidence is vague, and uncertain. Defendant does not swear he was threatened at all. Taken in its broadest sense he does not swear to a threat to do anything. Buchanan v. Sarlien, 9 Mo. App. 558; Wilkerson v. Hood, 65 Mo. App. 491.

ELLISON, J.—This is an action of replevin for several head of cattle. At the close of the evidence the trial court gave a peremptory instruction for the plaintiff.

Plaintiff claims title by virtue of a chattel mortgage executed by defendant to secure the payment of defendant's note to plaintiff for $350. The defendant claimed that the mortgage and note were invalid for the reason that they were forced from him by threats of arrest and imprisonment in the penitentiary. His answer was that plaintiff told him that if he did not sign the note and mortgage securing the same, "then that he, the said plaintiff, would cause defendant to be immediately arrested and imprisoned in the penitentiary, and that in fear and apprehension of such imprisonment as aforesaid, and induced, frightened and intimidated by such threats" he executed the note and mortgage.

It appears that plaintiff, a man of seventy years, aided defendant, thirty years of age, in the purchase of a farm which cost $2,350. Plaintiff borrowed $400 of the money from one Snider for which Snider had a first mortgage on the land and plaintiff took a second mortgage for $1,950. Afterwards, matters were rearranged so that defendant borrowed of a loan company $1,600 and paid off Snider, giving the loan company first mortgage, the plaintiff releasing his mortgage securing the $1,950 owing him. Defendant paid plaintiff a part of that debt, but still owed him $1,100, for which plaintiff accepted his unsecured note. This latter note had become due and plaintiff learning that some other creditor was proceeding against defendant, prepared two notes, one for $750 to be secured by second mort-

gage on the land, and the other for $350 to be secured
by chattel mortgage. Defendant executed these notes
and secured them by the land and the chattel mortgage
under circumstances which defendant claims was du-
ress. The evidence as to duress was, that plaintiff and
his attorney, whom defendant knew to have been a pros-
ecuting attorney for Macon county, came to his house
and finding that he was in his field at work the plaintiff
called him to the house. Plaintiff and his attorney
asked him to sign the note and mortgage in controversy.
That he hesitated and wanted to delay. Thereupon the
lawyer showed him his former note of $1,100, and he
told him it was all right that he owed the money. The
lawyer said, but "that note has not any stamp on it,"
and then said: "Well, don't you know that you are
in a fix?" And that, "that will cost you $500 or you
get two years in the penitentiary." Plaintiff then spoke
up and said to him "you simply sign them papers and
then you are all right." Before signing he had plain-
tiff agree that he, plaintiff, would sign a writing stating
that the interest was to be paid in produce, which plain-
tiff did. The paper was by their agreement to be left
with a third party; and it was given to the attorney to
deliver to that party.

We do not consider that the evidence made a case
of duress, nor that it sustained the allegation of the
answer. There was no threat of arrest; much less of
immediate arrest and imprisonment, as charged. Plain-
tiff and his lawyer, according to his testimony, repre-
sented to him that he was liable to a fine or imprison-
ment in the penitentiary by reason of having omitted
to stamp his former note. We feel compelled to pro-
nounce the evidence insufficient to overturn the note
and mortgage on the ground charged. So far as the
debt represented by these instruments was concerned
there is no pretense of imposition on defendant. It
is admitted to be a bona fide claim.

We concede the evidence for defendant nearly
made out a case for the consideration of a jury, but in
our judgment it fails in the essential particular of de-

fendant being deprived of his free will by a threat of immediate arrest and imprisonment. Defendant has cited us to Cribbs v. Sowell, 87 Mich. 340; Bank v. Croco, 46 Kan. 620; Bryant v. Peck, 154 Mass. 460 and Ganz v. Weisenberger, 66 Mo. App. 110; each of these cases show distinct threats and each of them represent cases of brazen imposition as to the money claimed. We have no access to two other cases cited.

The judgment should be affirmed. The other judges concur.