### 3330.   TURNER *v.* THE STATE.

1. There was no error in overruling the demurrer to the indictment.
2. In a prosecution under section 513 of the Penal Code of 1910, it is unnecessary to prove ownership of the railroad-track, if possession of it consistently with the allegations of the indictment be shown.
3. Intent and purpose to wreck a train was sufficiently shown by eviaence that the defendant placed an iron bar, 3½ feet long, weighing 20 pounds, on a railroad-track, laying the small end on the iron rail and the other end against the cross-tie, a few moments before a passenger-train was due, that the track at this point was on an embankment, and that the defendant then went across into a field and hid behind some bushes.
                    DECIDED NOVEMBER 7, 1911.

Indictment for attempt to wreck train; from Greene superior court—Judge Walker. March 11, 1911.

*James Davison, Miles W. Lewis,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general, Joseph B. & Bryan Cumming, Noel P. Park,* contra.

RUSSELL, J.   1.   The defendant was indicted for a violation of section 513 of the Penal Code (1910).   The language of the indictment conforms substantially to that used in the statute.   The instrument used was alleged to be "an iron article the exact character of which is to said grand jurors unknown."   The manner of making the attempt was alleged to be by placing the iron article on the railroad of the Georgia Railroad & Banking Company.   The defendant filed a special demurrer to the indictment, because the train which it was claimed the defendant attempted to wreck was not described, and because the means or manner of the attempt was not set forth with sufficient particularity.   We think the indictment is sufficient.   It is not necessary to describe the train with particularity; for that does not enter into the gravamen of the crime.   An attempt to wreck any train is a crime; and, as the offender may not know what train he will wreck, the State is not required to show what train he intends to wreck.   The defendant was informed by the indictment that he was charged with an attempt to wreck a train on the railroad-track of the Georgia Railroad & Banking Company.   This was sufficient to notify him of the gist of the charge against him.   We likewise think both the means and the manner are sufficiently alleged; it being stated that the defendant placed an iron article on the railroad-track.

2.   One of the grounds of the motion for a new trial complains that a witness for the State was allowed to testify that the railroad-track was owned by the Georgia Railroad & Banking Company, over the defendant's objection that the record title was the best evidence.   Ownership of the track would not necessarily have to be evidenced by a written record title; and, it not appearing to the court that there was any such title, it would seem that no proper foundation for the objection had been laid.   Furthermore, the evidence objected to was immaterial.   Under section 513 of the Penal Code, the ownership of the track is immaterial, it being entirely sufficient that the track was in the possession of a railroad company.   *Adkins* v. *State,* 115 *Ga.* 582 (41 S. E. 987).

3.   It is unnecessary to elaborate the third headnote.   The charge was eminently fair, and the verdict fully authorized.

*Judgment affirmed.*