# DENNEY v. REBER.

[No. 9,159. Filed December 12, 1916.]

1.  JUSTICE OF THE PEACE.—*Judgment.—Matters Adjudicated.—Title to Real Property.*—A judgment of a justice of the peace, rendered by agreement of the parties, awarding possession of certain lots did not adjudicate the title thereto; and an answer, in a subsequent action between the same parties to cancel and set aside a deed for such real estate as having been executed under duress, reciting the rendition of the judgment, is insufficient as a plea of former adjudication of title, since such question could not have been adjudicated by the justice of the peace.  p. 196.

2.  ESTOPPEL.—*Equitable Estoppel.—Action to Cancel Deed.—Payment of Rent.*—The fact that one claiming to have conveyed property under duress paid her grantee rent to occupy the premises for a time after an agreed judgment, which was not appealed from, for possession of the real estate in controversy had been rendered against her by a justice of the peace, did not estop her from subsequently prosecuting an action against her grantee to have the deed set aside for duress, where both parties had equal knowledge of all the facts in the transaction, and the grantee had not been induced to change his position to his damage by any act of the plaintiff.  p. 197.

3.  CANCELLATION OF INSTRUMENTS.—*Deeds.—Action.—Complaint.—Sufficiency.—Duress.—Consideration.*—In an action to cancel and set aside a deed alleged to have been executed by plaintiff under duress, a complaint averring that plaintiff conveyed certain lots to defendant to prevent his carrying out threats to prosecute her husband for a criminal offense, "and for no other purpose or consideration whatever," and that by the threats and promises of defendant she was coerced, put in fear and induced to convey her property, and not otherwise, sufficiently shows, under the rules of pleading, that no consideration was paid for the property, although there was no specific allegation to that effect, and that through fear plaintiff was deprived of her free agency in making the conveyance.  p. 198.

4. CONTRACTS.—*Validity.—Execution.—Duress.*—Duress is a species of fraud in which compulsion in some form takes the place of deception in accomplishing the injury, and where a deed, mortgage, or note is obtained from the wife upon a threat to prosecute, arrest or imprison her husband, the instrument so procured is voidable by the wife. p. 198.

5. CONTRACTS.—*Validity.—Duress.—Evidence.*—In determining the question of duress courts consider the age, sex, capacity, situation and relation of the parties and all the attending circumstances which throw any light upon the particular transaction under investigation. p. 199.

6. PLEADING.—*Amendment.—Withdrawal of Submission.—Discretion of Court.—Failure to Show Harm.*—Where the trial court, after the hearing of the evidence, permitted plaintiff to withdraw the submission of the cause and file an additional paragraph of complaint, the accrued costs having been assessed against plaintiff, the withdrawal was not a dismissal of the action, and the procedure was fully within the discretion of the court, under §403 Burns 1914, §394 R. S. 1881, relating to amendments to pleadings, especially when the complaining party fails to show that he was harmed by the action of the court, and where the judgment rendered was favorable to him. p. 200.

7. APPEAL.—*Prejudicial Error.—Overruling Demurrer to Bad Answer.—Presumption.*—Error in overruling a demurrer to a bad answer is presumed to be harmful and will constitute reversible error, unless it is affirmatively shown by the record that the ruling was not prejudicial, and the duty of making such showing rests upon the party who contends that the error was harmless. p. 200.

From Jay Circuit Court; *Clark J. Lutz,* Special Judge.

Action by Zelpha Denney against Milton D. Reber. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*James R. Fleming,* for appellant.
*John F. LaFollette* and *Emerson McGriff,* for appellee.

FELT, C. J.—This is a suit by appellant, Zelpha Denney, against appellee, Milton D. Reber, to cancel and set aside a deed executed by appellant and her husband to appellee for certain real estate. The case was tried on the second and third paragraphs of complaint. An answer of three paragraphs was addressed to the second paragraph of complaint and one of two paragraphs to the third paragraph

of complaint. A demurrer was sustained to the third paragraph of answer to the second paragraph of complaint. Appellant's demurrer to the second paragraph of answer to the third paragraph of complaint was overruled, to which appellant reserved an exception. Replies in general denial were filed to the affirmative paragraphs of answer. The case was tried by the court without a jury and a judgment rendered that appellant take nothing by her complaint, and that appellee recover costs. From such judgment this appeal was taken and the only error assigned is the overruling of appellant's demurrer to appellee's second paragraph of answer to the third paragraph of the complaint.

The second paragraph of complaint was drawn on the theory that the deed which appellant sought to have set aside was in fact a mortgage, executed by appellant, a married woman, to secure the debt of her husband.

The third paragraph of complaint proceeds on the theory that the deed in question was procured by the duress of appellee, and, in substance, charges that on December 30, 1912, appellant was the owner in fee simple of lot No. 7 in Meeker's addition to the city of Portland, Indiana; that prior thereto her husband, Riley H. Denney, had been employed by appellee as a salesman of cigars, and appellee then and there accused him of embezzling certain money belonging to him and unlawfully and fraudulently represented to appellant that he would cause her husband to be arrested and sent to the penitentiary unless the amount he claimed to have been embezzled was paid to him, or the real estate aforesaid conveyed to him in satisfaction thereof; that to induce her to make such conveyance appellee unlawfully promised and agreed not to prosecute her husband for said crime if she would make such conveyance; that her husband had been arrested on said charge, and was then under bond, and appellee promised her to procure the dismissal of the charge against him and to procure his release if she would make such conveyance to him; that for

more than a week prior to the execution of said deed, she was in great fear, sick and confined to her bed on account of the threats against her husband, and on the date aforesaid, to prevent the carrying out of the threats of prosecution made against him, and for no other purpose or consideration whatever, she executed and delivered to appellee a deed, conveying to him the title to said real estate; that the threats and promises aforesaid, so made by appellee, were made for the purpose of cheating, defrauding and coercing appellee, and she was thereby coerced, put in fear and induced to so convey said real estate as aforesaid, and not otherwise.

The first paragraph of answer to the third paragraph of complaint was a general denial. The second paragraph of answer admits the ownership and conveyance of the real estate by appellant and alleged that the property was conveyed subject to a mortgage for $300 and subject to a mechanic's lien and to accrued taxes; that as a further consideration for the conveyance the parties agreed that appellant should occupy the premises and dwelling house thereon for six months without the payment of rent, at the expiration of which time she and her husband were to surrender possession to appellee; that appellant did so occupy and use said property for six months and then refused to vacate the same in accordance with the aforesaid agreement; that thereupon appellee brought suit before a justice of the peace for possession of said property, the details of which are alleged.

It is also averred that on July 10, 1913, by agreement of the parties, a judgment was duly rendered by said justice of the peace to the effect that appellee should have possession of the real estate in controversy, but provided also that if appellant should, within five days, pay to appellee $15 she should have the right to occupy the property until September 1, 1913; that the money was paid in accordance with said agreement; that appellant did not remove from

the property on September 1, 1913, and on September 2, 1913, a writ of restitution was issued for the possession thereof and in October, 1913, appellee removed from the real estate and since that time has not occupied or used the same; that the parties to this suit are identical with the parties to the suit before the justice of the peace, and the judgment aforesaid is in full force and unappealed from. The demurrer to the aforesaid second paragraph of answer was for insufficiency of the facts alleged to constitute a defense to appellant's cause of action alleged in her third paragraph of complaint.

The memorandum accompanying the demurrer is, in substance, as follows: (1) The facts alleged do not show a former adjudication of appellant's cause of action. (2) Such facts do not constitute an estoppel against appellant. (3) The facts alleged do not show a ratification of the conveyance sought to be set aside.

Appellee does not contend that the answer is good as showing a ratification of the transaction and conveyance by which he obtained title to the property, but asserts

1. its sufficiency both as a plea of former adjudication and as an estoppel. Neither do the averments of the answer, viewed from their general scope and tenor, indicate any other possible theory than those asserted by appellee. We shall therefore consider the answer from the viewpoint of appellee's contention as to theory.

The answer in question is not good as a former adjudication of title. The question of title was not in issue under the averments, nor does it come within the rule that questions will be deemed adjudicated which might have been litigated and settled within the issues. The justice of the peace could not have adjudicated the question of title, and had the title been put in issue before him, it would have been his imperative duty to have certified the case to the circuit court. §1722 Burns 1914, §1434 R. S. 1881; *Deane* v. *Robinson* (1904), 34 Ind. App. 468, 472, 73 N. E. 169;

*Mitten* v. *Caswell-Runyan Co.* (1912), 52 Ind. App. 521, 525, 99 N. E. 47.

Neither do we regard the answer sufficient as a plea of estoppel. In the first place both parties to the transaction had equal knowledge of all the facts and circumstances involved in the transactions alleged. Appellee was not induced to change his position to his damage by anything said or done by appellant. He asserted his title both before and subsequent to the proceedings before the justice of the peace and the arrangement about possession of the property. Appellee's technical legal title was not, and is not, disputed by appellant; for her complaint proceeds on the theory that he has the legal title, but that it was procured by fraud and duress and should not be allowed to stand. Under such conditions the payment of the $15 and the occupancy of the property as alleged do not estop appellant from asserting her right to have appellee's evidence of legal title—the deed—set aside. *Penn, etc., Plate Glass Co.* v. *Schwinn* (1912), 177 Ind. 645, 656, 98 N. E. 715; *State* v. *Mutual Life Ins. Co.* (1910), 175 Ind. 59, 83, 93 N. E. 213, 42 L. R. A. (N. S.) 256; *Indianapolis Traction, etc., Co.* v. *Henby* (1912), 178 Ind. 239, 251, 97 N. E. 313; *Johnson* v. *Spencer* (1911), 49 Ind. App. 166, 171, 96 N. E. 1041; *Steele* v. *Michigan Buggy Co.* (1912), 50 Ind. App. 635, 642, 95 N. E. 435.

But appellee contends that the third paragraph of complaint is insufficient to state a cause of action, and that the demurrer to the answer should be carried back to the complaint and be sustained. A demurrer to the third paragraph of complaint was duly presented and overruled. Appellee could have assigned cross-errors, but has not done so. Whether, in such case, under our present demurrer law, the demurrer to the answer could be carried back to the complaint, and sustained, if the paragraph of complaint were insufficient, we do not decide, for the reason that we

dcem the paragraph sufficient to state a cause of action for procuring the deed by duress.

Appellee now asserts that the paragraph is bad for failure to aver the value of the real estate, and to show that appellee did not pay full value therefor; also that the averments do not show that appellant was deprived of her free agency and did not act voluntarily in executing the deed to appellee. The allegations show that appellant was the owner of the real estate, and that to prevent the carrying out of the threats against her husband, "and for no other purpose or consideration whatever," she executed the deed to appellee; that by the threats and promises of appellee she was coerced, put in fear, and induced to so convey her property and not otherwise. Under the rules of pleading now established in this state, these averments show that there was no consideration whatever moving to appellant for the conveyance of her property; that she was put in fear and made sick by the threats against her husband and by such threats and the promise of appellee to prevent the prosecution of her husband for embezzlement and to procure his release, she was coerced into executing the deed, and was moved to do so wholly on account of such threats and promises. Whether the value of the property was great or small is immaterial when the allegations show that no consideration moved to appellant and that, by threats and promises, as averred, she was deprived of her free will and induced to convey her property, in payment of an alleged debt which was in no sense an obligation she was bound to discharge, to accomplish a result appellee had no power, or legal right, to control, but which he unlawfully assured appellant he could and would control.

Cooley on Torts (vol. 2, 3d ed., 966, 967) says: "Duress is a species of fraud in which compulsion in some form takes the place of deception in accomplishing the injury. * * * Where a deed, mortgage, or notes are obtained from the wife upon a threat to prosecute, arrest

or imprison her husband, the instruments are void.'' The above statement is in harmony with the decisions of our own courts and the prevailing weight of authority generally, with the possible modification or explanation that contracts or other instruments so procured are not, strictly speaking, void, because they may be ratified, but are voidable by the party so induced to execute them. To give validity to any contract, the law requires the free assent of the parties to be bound thereby, and the trend of modern authority is to relieve a party from his obligation or deed when, through fear, terror, or violence, he has been deprived of free and voluntary action by the other contracting party, or by one acting for and in behalf of such party.

In determining the question of duress, the courts take into account the age, sex, capacity, situation and relation of the parties and all the attending circumstances 5. which throw any light upon the particular transaction under investigation. 2 Cooley, Torts 969; *Rose* v. *Owen* (1908), 42 Ind. App. 137, 141, 85 N. E. 129; *Bush* v. *Brown* (1875), 49 Ind. 573, 577, 578, 19 Am. Rep. 695; *Schee* v. *McQuilken* (1877), 59 Ind. 269, 278; *Line* v. *Blizzard* (1880), 70 Ind. 23, 25; *Adams* v. *Stringer* (1881), 78 Ind. 175, 180; *Baldwin* v. *Hutchison* (1893), 8 Ind. App. 454, 458, 35 N. E. 711; *Cribbs* v. *Sowle* (1891), 87 Mich. 340, 49 N. W. 587, 24 Am. St. 166, 171; *First Nat. Bank, etc.* v. *Sargeant* (1902), 65 Neb. 594, 91 N. W. 595, 59 L. R. A. 296, 299; *Bryant* v. *Peck, etc., Co.* (1891), 154 Mass. 460, 28 N. E. 678; *Turner* v. *State* (1911), 10 Ga. App. 18, 72 S. E. 604; *Benedict* v. *Roome* (1895), 106 Mich. 378, 64 N. W. 193; *Bank* v. *Hutchinson* (1900), 62 Kan. 9, 61 Pac. 443; *Woodham* v. *Allen* (1900), 130 Cal. 194, 62 Pac. 398; *Lomerson* v. *Johnston* (1888), 44 N. J. Eq. 93, 13 Atl. 8; *Galusha* v. *Sherman* (1900), 105 Wis. 263, 81 N. W. 495, 47 L. R. A. 417; *Brown* v. *Pierce* (1868), 7 Wall. 205, 19 L. Ed. 134, 137; 9 Cyc 443; 14 Cyc 1123.

Appellee asserts that in any event the judgment should

not be reversed for two reasons, viz.: (1) Because the record shows that after the submission of the cause and the hearing of evidence, the court permitted appellant to withdraw the submission and file the third paragraph of complaint, which was in effect a dismissal of the action; (2) because appellant must show that the ruling complained of was harmful and has failed to do so. On the record before us neither of these contentions can be sustained.

6. While the court permitted appellant to withdraw the submission of the cause and file the third paragraph of complaint, it adjudged the costs up to that time against appellant before permitting her to file such third paragraph. Appellee moved to strike out certain parts of the third paragraph, and thereafter demurred thereto and obtained the rulings of the court thereon. The case was duly put at issue on the third paragraph of complaint as above shown, the cause was resubmitted for trial without a jury, the evidence heard, the case taken under advisement and later the finding of the court was announced and the judgment rendered as above stated. The procedure was fully within the discretionary power of the court, and furthermore, appellee has not properly challenged the court's action and has wholly failed to indicate that he was in any way misled or harmed by the action of the court, but on the contrary he obtained judgment in his favor. The case was not dismissed by the withdrawal of the submission, and was not finally disposed of by the trial court until the judgment was rendered from which this appeal was prayed. §403 Burns 1914, §394 R. S. 1881; Burnett v. Milnes (1897), 148 Ind. 230, 235, 46 N. E. 464. Where the court overrules a demurrer to a bad answer, the ruling is presumed to be harmful and will constitute reversible error, unless it is affirmatively shown by the record that the ruling was not

7. harmful. In making such ruling the court commits an error of law which is presumed to be carried into the final judgment unless the contrary is shown by the

record and the duty of making such showing rests upon the party who contends that the error was harmless. This rule is sometimes confused with the one which obtains where the court erroneously sustains a demurrer to a good answer and it appears that the same proof was admissible under another paragraph held good, or that the party in some way obtained the full benefit of such answer, in which event the error in sustaining such demurrer is held to be harmless. *Gregory* v. *Arms* (1911), 48 Ind. App. 562, 578, 96 N. E. 196; *Norris* v. *Tice* (1895), 13 Ind. App. 17, 21, 39 N. E. 1046; *Bowlus* v. *Phenix Ins. Co.* (1892), 133 Ind. 106, 118, 32 N. E. 319, 20 L. R. A. 400; *Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369, 376, 91 N. E. 238.

For the error in overruling the demurrer to appellee's second paragraph of answer to appellant's third paragraph of complaint the judgment is reversed, with instructions to sustain appellant's motion for a new trial, to sustain the demurrer to said second paragraph of answer, and to permit the parties to amend their pleadings, if desired, and for further proceedings not inconsistent with this opinion.

Caldwell, Ibach, McNutt and Hottel, JJ., concur.

Moran, P. J., not participating.

Note.—Reported in 114 N. E. 424. Contracts: procurement of by threats of prosecution of relative, effect, 26 L. R. A. 48, 20 L. R. A. (N. S.) 484, 37 L. R. A. (N. S.) 539, L. R. A. 1915D 1118, 11 Ann. Cas. 385; voidable for duress, ratification, Ann. Cas. 1913E 438. See under (1) 24 Cyc 450; (2) 16 Cyc 746; (4) 9 Cyc 453; 14 Cyc 1123; (5) 9 Cyc 771; (6) 31 Cyc 402.