FAIRBANKS, MORSE AND COMPANY ET AL. *v.*
GARDNER ET AL.

[No. 10,280.   Filed February 27, 1920.]

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS.—*Effect.*—*Rights of Creditors.*—An assignment by the debtor of all his property subject to execution for the benefit of his creditors does not operate as a discharge and satisfaction of his debts.   p. 654.

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS.—*Condition Requiring Creditors to Release Claims.*—*Validity.*—A condition in a deed of assignment for the benefit of creditors requiring creditors to release their claims in full against the debtor is fraudulent in law and void.   p. 654.

3. ASSIGNMENTS FOR BENEFIT OF CREDITORS.—*Creditor's Agreement to Accept Pro Rata Share of. Proceeds.*—*Effect.*—A creditor's agreement to accept his *pro rata* share of the proceeds of property assigned by a debtor for the benefit of his creditors does not operate as a discharge and satisfaction of such creditor's claim.   p. 655.

4. APPEAL.—*Review.*—*Overruling Demurrer to Bad . Answer.*—*Reversal*—The overruling of plaintiff's demurrer to a bad answer is reversible error, unless it affirmatively appears that plaintiff was not harmed thereby.   p. 655.

5. APPEAL.—*Review.*—*Overruling Demurrer to Bad Answer.*—*Reversal.*—In an action by a judgment creditor against the judgment debtor and his grantee to enforce a trust in real estate in favor of the debtor and to subject the real estate to sale for payment of plaintiff's judgment, the overruling of a demurrer to a bad

paragraph of answer alleging assignment by the judgment debtor for the benefit of his creditors, and that such assignment was made on the condition that the property deeded was in full discharge of all of his debts and liabilities, *held* reversible error, if not affirmatively appearing that the trial court did not base its finding and judgment for defendant upon such paragraph of answer. p. 655.

From Warrick Circuit Court; *Marshall R. Tweedy,* Judge.

Action by Fairbanks, Morse and Company and others against William M. Gardner and others. From a judgment for defendants, the plaintiffs appeal. *Reversed.*

*Philip Lutz, Jr., Nat. H. Youngblood* and *Union W. Youngblood,* for appellants.

*J. W. Davis* and *A. H. Maxam,* for appellees.

Nichols, C. J.—This was an action by appellants, as judgment creditors of the appellee William M. Gardner, against the appellees to declare and enforce a trust in real estate in favor of the debtor appellee, and to subject said real estate to sale for the payment of the judgments of the appellants.

The original complaint in one paragraph is in substance as follows: Appellants Fairbanks-Morse and Company, B. F. Avery and Company, American Agricultural Chemical Company, International Harvester Company separately and severally allege that the appellee William M. Gardner is indebted to them in the respective sums evidenced by judgments rendered against said appellee in the Warrick Circuit Court in favor of each one of appellants. Appellants aver that none of said judgments mentioned has been paid or satisfied, and that each of said judgments is now

due and owing to said appellants respectively from the said appellee; that the appellee was at the time said judgments were rendered insolvent, and has been continuously since, and is now wholly and notoriously insolvent, and that he has not now sufficient property other than the real estate hereinafter described to pay his debts and liabilities; that the appellee Margaret Gardner and appellee William M. Gardner are husband and wife, and have been husband and wife for ten years last past, and were husband and wife on the day said judgments were rendered; that on said date said judgments were rendered appellees, husband and wife, owned as tenants by entirety eighty acres of land situate in Warrick county and described in the complaint; that said appellees remained the owners of said real estate by entirety until the — day of November, 1915, and upon that date said appellees entered into a contract for the division of said real estate, by the terms of which they agreed to divide said real estate between themselves, and it was further agreed and understood by the parties that the said Margaret Gardner, the wife, should take as and for her full share in said lands the north half thereof, and that appellee William M. Gardner should take as and for his full share in said lands the south half thereof; that for the purpose of carrying said agreement into force and effect said appellees Margaret and Willam Gardner agreed with the appellee Mary J. Gardner, mother of appellee William Gardner, that they, said William and Margaret Gardner, would convey all of said real estate to her, as trustee, and that said Mary J. Gardner, as trustee, would convey to said Margaret Gardner the part of said real estate that it was agreed she

should have as above set out, and to said William Gardner the part thereof that it was agreed he should have as set out; that pursuant to said agreement, and for the purpose of carrying out the same, the appellees William and Margaret Gardner did on the — day of November, 1915, execute and deliver to said Mary J. Gardner a deed conveying to her as aforesaid all of said real estate so held by them as tenants by the entirety; that said appellee Mary J. Gardner accepted said deed, as such trustee, for said purpose of dividing and partitioning said lands between said William and Margaret Gardner, according to the terms of said agreement, and that, pursuant to said agreement, said Mary J. Gardner did thereupon convey to the appellee Margaret Gardner said part of the real estate that she was to have according to the terms of said agreement; that the appellees William and Mary J. Gardner, with the fraudulent intent and purpose to hinder, cheat, delay and defraud the creditors of said William M. Gardner, agreed that, instead of conveying the legal title to William M. Gardner's part of said real estate to him, as agreed upon, she, said Mary J. Gardner, should retain it in her own name; that said William M. Gardner is now the owner of said real estate so agreed to be conveyed to him, and has never surrendered possession thereof, and is now in possession thereof; that said Mary J. Gardner with said fraudulent intent and for said fraudulent purpose now holds the legal title to said real estate belonging to said William M. Gardner under the agreement and contract aforesaid; that said agreement entered into between the said Mary and William Gardner that said Mary was to retain the legal title of said real estate in her own name was

made without any consideration, and was made and entered into wholly and solely for the fraudulent purpose of hindering, cheating, delaying, and defrauding the creditors of said William M. Gardner; that said real estate which was agreed to have been conveyed to said William M. Gardner is of the probable value of $4,000. Appellant further avers that the appellee Schnapf claims some interest in said real estate, and that he is hereby made a party to this suit in order that he may show what interest he may have in the premises. Appellants pray that the contract entered into between said William M. Gardner and Margaret Gardner be carried out, and that the trustee, Mary J. Gardner, be required and ordered to convey the real estate above mentioned according to the agreement of said William M. Gardner and said Margaret Gardner and that, upon her failure so to do, a commissioner be appointed by this court to convey the said real estate to the said William M. Gardner and that said real estate be subject to the payment of the judgment claims of appellants herein.

Appellant George Delker Company was made a party plaintiff upon his own petition. The appellants filed a supplemental complaint making the appellee Sprengel a party defendant, which supplemental complaint in substance is as follows: That this action is brought to subject certain real estate owned by the appellees to the payment of debts of the appellee William M. Gardner; that said action was commenced June 21, 1916; that at the time of the commencement of said action the appellants filed with the clerk of this court their *lis pendens* notice, stating therein the nature of the action, the parties

thereto, and a description of the real estate affected by said suit; that subsequently thereto, on July 1, 1916, the appellee Mary J. Gardner, by her warranty deed of that date, conveyed to the appellee Sprengel the real estate described in appellants' complaint, wherefore appellants ask for an order requiring said Sprengel to appear in said action and show what interest, if any, he has in said real estate, and that said deed so executed by said Mary J. Gardner to said Sprengel be set aside.

The appellees, except Margaret Gardner, filed a joint answer to the complaint in general denial. The appellee William M. Gardner filed a separate second paragraph of answer to the complaint to the effect that the land mentioned in the complaint was land held by the appellee and his wife as tenants by entirety; that for many years before he became indebted to any of appellants the land mentioned in the complaint was deeded to appellee and his wife as tenants by entirety and so remained until — day of ——, 1916; that appellee William M. Gardner, failing in business, and being involved in debt to appellants, on the — day of ——, 1916, under the laws of this state, made a general assignment of all his property, both real and personal, of every kind and description of which he was then possessed for the benefit of all of his creditors, except the eighty acres of land mentioned and described in the complaint; that said land, at the time of the making of the deed of assignment, was the land of appellees, as husband and wife, held by entirety; that in perfecting the assignment he deeded on the — day of May, 1916, all of his property, both real and personal, to one Tillman, as trustee of appellee's creditors; that one of the conditions of the

said assignment was that the property deeded was in full discharge of all of his debts and liabilities; that said deed was duly executed and delivered to said trustee; that by the terms of said deed appellee did deliver to said trustee, and said trustee did take all of the property both real and personal of appellee; that thereafter, on the — day of —— 19—, appellants, and each and all of them, by their respective attorneys, filed a written consent in the Warrick Circuit Court to have their liens transferred from the property to the proceeds of the sale of the property so assigned in the deed of assignment, and each of the appellants expressed their willingness and assent in writing to accept payment of the amounts found due them on their respective claims from the funds derived from the said sale, in the order of their priority as is now provided by law, and filed their written assent as aforesaid to accept their pro rata share of the proceeds of said sale; that thereupon the court made an order of sale directing the trustee to sell the said property and apply the funds to the payment of costs and taxes, then to the payment of a certain mortgage, then for the payment and discharge of the wife's inchoate interest, then to the payment of appellants' claims in the order of their priority, the balance, if any, to the general creditors; that appellant thereupon had said property appraised and offered for sale; that the trustee did have the property appraised and offered for sale; that some of the property did not sell and some of it was sold; and there is now in the hands of the trustee the proceeds of the sale, and the unsold property in the hands of the trustee is subject to sale; that said property and money is subject to the demands of appellants, and

that therefore they have had accord and satisfaction of their claims.

The appellants filed a demurrer to the second paragraph of answer of the appellee William M. Gardner on the grounds that the same did not state facts sufficient to constitute a defense. The court overruled appellants' demurrer to the second paragraph of answer of William M. Gardner, to which ruling the appellants excepted. Appellants filed a reply in general denial to the second paragraph of answer of the appellee William M. Gardner. The cause was submitted to the court for trial, and judgment was rendered in favor of appellees and that appellants take nothing by this action and that appellees recover of appellants their costs. The appellants filed their motion for a new trial, which was overruled, to which ruling the appellants excepted, and now prosecute this appeal, assigning as error that the court erred in overruling appellants' demurrer to appellee William M. Gardner's second paragraph of answer, and that the court erred in overruling the motion for a new trial.

Appellants' contention that the court erred in overruling their demurrer to appellee William M. Gardner's second paragraph of answer must be

1-2. sustained. An assignment by the debtor of all of his property, subject to execution, for the benefit of his creditors under the laws of Indiana does not operate as a discharge and satisfaction of his debts (*Lawrence* v. *McVeagh* [1886], 106 Ind. 210, 6 N. E. 327; *New Albany Mfg. Co.* v. *Sulzer* [1902], 29 Ind. App. 89, 63 N. E. 873); and a condition in a deed of assignment requiring creditors to release their claims in full against the debtor is fraudulent in

law and void (*Henderson* v. *Bliss* [1856], 8 Ind. 100; *Butler* v. *Jaffray* [1859], 12 Ind. 504; *MacLaren* v. *Kramar* [1913], 26 N. D. 244, 144 N. W. 85, 50 L. R. A. (N. S.) 715); and the creditor's agreement to accept his *pro rata* share of the proceeds of the property assigned does not operate as a discharge and satisfaction of his claim. *Henderson* v. *Bliss, supra.* Such second paragraph of answer is bad, and the overruling of appellants' demurrer thereto is reversible error, unless it affirmatively appears that appellants were not harmed thereby. *Denney* v. *Reber* (1916), 63 Ind. App. 192, 114 N. E. 424; *Excel Furniture Co.* v. *Brock* (1917), 63 Ind. App. 494, 114 N. E. 701; *Messick* v. *Midland R. Co.* (1891), 128 Ind. 81, 27 N. E. 419; *Bowlus* v. *Phenix Ins. Co.* (1892), 133 Ind. 106, 32 N. E. 319, 20 L. R. A. 400; *Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369, 376, 91 N. E. 238. In the last case cited the rule is stated that we must presume that an erroneous ruling was prejudicial in respect thereto, unless it affirmatively appears in some manner from the record that the ruling was harmless, and the burden is not upon the party claiming to be aggrieved thereby to show that he was prejudiced by the erroneous ruling, but the burden rests upon the opposite party to show by the record in the case that the party complaining was not harmed thereby.

In this case we cannot say that it affirmatively appears that the finding of the court was not based upon such second paragraph of answer and that the appellants were not harmed thereby.

It is manifest from the undisputed facts in this case that the conveyance made by appellee William M. Gardner to his wife of the real estate which they

had theretofore held as tenants by entirety was conveyed to appellee Mary J. Gardner, and the north half thereof conveyed back to the wife for the purpose of the division of their interest in such real estate, and that the wife might have her interest .therein separate and apart from that of her husband. The question arises then as to why the south forty of said real estate was permitted to lodge in the hands of appellee Mary J. Gardner, and was not by her conveyed back to her son, appellee William M. Gardner, in the same manner as the north forty had been conveyed to the wife. Appellee Mary J. Gardner testified that she had not had any talk with her son, William M. Gardner, about the land before they came to her house to make the deeds; that her son had not been there for a day or two. On the evening that they brought up the writing (which we presume to be the deed for execution) her son said that they were going to make her a deed, that his wife was coming up there that evening, that they wanted to fix it up with his wife, and that that was the only talk that she had ever had about the making of the deed, and when they came that night there was nothing said about making the deed; that her son had never said anything to her about making the deed to her until that afternoon and that all he had said then was what she had testified to. When she sold the land to appellee Sprengel, she says that her son paid her what he owed her, and after paying the amount of such indebtedness the money was put in the bank at Evansville, and that afterward they withdrew it from the bank and went south and bought a little property. She then declined to answer as to whom such property was deeded, but, being instructed by the court

to answer, she said it was deeded to her son, William M. Gardner. When the land was sold to appellee Sprengel, the debt of her said son was paid to appellee Schnapf. She then at first declined to answer as to whether the balance of the money was taken and property bought with it in the name of appellee William M. Gardner, and then answered that she guessed it was in his name, but said that she was old and that she would rather it would be that way. During the time that appellee Mary J. Gardner held the real estate involved it was leased to appellee Schnapf, and the lease was executed by appellees Mary J. Gardner and William M. Gardner. In the face of this evidence, and other evidence we do not deem necessary to quote, we cannot say that the court did not base its finding and judgment upon the allegations of appellee William M. Gardner's second paragraph of answer. It is contended by appellees that, at the time the conveyance was made to the mother, appellee William M. Gardner had conveyed a sufficient amount of property to his trustee to fully reimburse each and all of his creditors, and such appellee testified that he expected there would be a surplus returned to him after such debts were fully paid. We note, however, that notwithstanding this expectation he accepted the $600 which was allowed him by law, and that his wife received the one-third of the proceeds of the sale in discharge of her inchoate interest. We also note that, while there was an appraisement made at the time of the transfer that showed a valuation of $8,000, it appears by the evidence that there was an order of the court that the proceeds of this property should be distributed, first to the payment of the taxes and costs, then to the payment of a certain

mortgage, then the payment of the wife's one-third in discharge of her inchoate interest, then to the payment of the judgment liens involved in this action, and the overplus, if any, to the payment of the general creditors; it further appears by the evidence that the trustee did not have sufficient funds in his hands upon final settlement to satisfy the claim of the wife, and that he was directed by the court to pay the balance in his hands to her.

The judgment is reversed, with instructions to the trial court to sustain the demurrer to the second paragraph of answer and for further proceedings.