*Southern District*

## DIAMOND TAXI, INC.
### v.
## MARY J. VELHO

*Present*: NASH, P. J., CALLAN AND SGARZI, JJ.

*Sgarzi, J.* By writ dated June 16, 1956 the plaintiff brought this action of contract against the defendant to recover $300.00 alleging that it was owed $325.00 by the defendant's son for taxi hire, that in consideration of its forbearance to sue the defendant's

son, the defendant agreed orally and in writing to pay said sum, and did in fact pay $25.00 on account but has made no further payment. The defendant's answer is a general denial and averment that if she did agree to pay anything to the plaintiff it was to pay for the debt of another, and the further averment that if she did sign an agreement to pay for the debt of another the agreement was obtained by fraud, coercion or threats and was therefore invalid.

The reported evidence is accurately summarized in the judge's findings of fact which follow, together with his rulings of law:

"This is an action of contract begun by writ dated June 16, 1956 wherein the plaintiff seeks to recover the amount of $300. claimed by it to be due as a result of a certain promise made to the plaintiff on April 12, 1956. This promise, the plaintiff claims, is contained in a written statement, a copy of which is attached to the plaintiff's substitute declaration.

From the testimony presented to the court it appears that on the 12th day of April, 1956 the plaintiff, a taxi company, was called by one Edward Velho to transport him to New York. The plaintiff's driver testified that after checking back on the call he went to the location of the defendant's home; that he found the defendant's son standing on the corner and was directed by the latter to drive him to New York. The driver took the son to New York and later drove him as far as Baltimore. The son had told the driver that he had a $1,000. check but that he could not cash it. The plaintiff's driver returned with the defendant's son to the defendant's home at approximately six o'clock on the morning of April 14th. The son was unable to pay the fare. He knocked on his mother's door and wakened her. As a result of the conference with his mother, the driver was called into the house. The driver informed the defendant of what had transpired. The defendant was

upset about the situation. She told the plaintiff's driver that he should not have taken her son so far; that the son had previously hired a taxi to go to Boston and that she had been compelled to pay for the trip; that the driver should have known that there was something wrong with the boy.

The driver testified that he was upset and that he was angry because he "had been done." He stayed around the house some fifteen or twenty minutes. There was considerable talk between the parties and the driver informed the defendant that he would have to call the police; that if he went back to the office without the money, there would be trouble. The defendant requested the driver not to go to the police. She said that she did not have the $325. which the driver said was due him. She said that she did have $25.00 and would give it to him. The driver then asked her to give him "some receipt" so that he could show it to the boss. The defendant testified that she was afraid that they would put her son away. She took a piece of paper and, at the suggestion of her sister, wrote her name and followed it with the statement: "I will pay the rest when I have been to the bank. Give $25.00 now." The driver wrote the date and the other Inscription which appears upon the writing attached to the plaintiff's declaration. The defendant failed to pay any more money to the plaintiff, and suit was brought.

Upon all the evidence I find and rule that the promise of the defendant to pay the obligation of her son was made under threats of action against him; that these were sufficient to overcome the will of the defendant who was afraid that her son would be "put away." She had been aroused from her sleep at six o'clock in the morning and her mind and will were overcome by the acts of the plaintiff's servant.

At the close of the trial and before argument both parties filed requests for rulings. Of the plaintiff's requests, nos. 1, 2, 3 and 4 are allowed; 5 is

disallowed; 6 is disallowed, being contrary to the facts as I have found them; 7 and 8 are disallowed, being immaterial; 9 is disallowed.

Of the defendant's requests, nos. 1, 2, 3 and 4 are allowed as proper statements of the law; 6 and 7 are disallowed, not being applicable or involved in my finding.

Judgment is to be entered for the defendant."

The plaintiff claims to be aggrieved by the denial of his requests numbered 5, 6, 7, 8 and 9, and by the allowance of the defendant's requests numbered 1, 2, 3 and 4.

The plaintiff's requests which were denied read as follows:

"5. The actions and words of the Plaintiff, its agent, servant or employee did not constitute fraud, coercion or threats.

6. The promise of the Defendant was made in her own name on good consideration and is as a matter of law an "original promise" of the Defendant.

7. The promise of the defendant, being an original promise on her part, is not within the Statute of Frauds.

8. If the Court should find that the promise of the Defendant is a "collateral promise" and therefore within the Statute of Frauds, then in that event that the Court rule that the Defendant has not pleaded the Statute of Frauds as an affirmative defense in her answer; and also that the writing of the Defendant submitted into evidence by the Plaintiff satisfies the Statute of Frauds and removes the application of said Statute of Frauds to the Defendant's promise.

9. On all the evidence and its application to the law, the Plaintiff is entitled to recovery from the Defendant."

The plaintiff's 9th request was properly denied since it fails to comply with the requirements of Rule 27 of the Rules of the District Courts with regard to specification of the grounds upon which it is based. *Gibbons v. Denoncourt,* 297 Mass. 448; *Okin v. Sullivan,* 307 Mass. 227; *Rizkalla v. Abusambra,* 284 Mass. 303.

Requests numbered 6, 7 and 8 were properly denied as based upon facts which the Court was not required to find and did not find. *Wrobel v. Gen. Acc. & Assr. Corp.*, 288 Mass. 206; *Hethering v. Firth*, 210 Mass. 8.

The plaintiff's 5th request was also properly denied. It could have been granted only if the evidence in its aspect most favorable to the plaintiff required a finding that no fraud or coercion existed and no threats were made. *Sutherland v. McGee*, 329 Mass. 530; *Clark v. Second Nat. Bank*, 177 Mass. 257; *Abele v. Dietz*, 312 Mass. 685.

The court found in effect that the defendant promised to pay to the plaintiff the obligation which was incurred by her son but that she did so because of threats of action which would be taken against him and these threats were sufficient to overcome her will.

It is settled that a person whose will and judgment are overcome by threats, fear, or some other influence, and who is thereby compelled to execute a contract that he would not have made in the free exercise of his will and independent judgment, may avoid the contract on the ground of duress. *Cappy's Inc. v. Dorgan*, 313 Mass. 170; *Bryant v. Peck & Whipple*, 154 Mass. 460; *Silsbee v. Webber*, 171 Mass. 378.

It is of no consequence that the action threatened was legal and available to the plaintiff if in fact the defendant was coerced, and the question of coercion or duress is entirely one of fact. *Freeman v. Teeling*, 290 Mass. 93; *Stevens v. Thissell*, 240 Mass. 541; *Rosenbloom v. Kaplan*, 273 Mass. 411.

There was ample foundation in the evidence for the judge's findings of fact.

The defendant's requests for rulings by the allowance of which the plaintiff claims to be aggrieved read as follows:

"1.   An agreement to pay the debt of another

must be in writing to satisfy the requirements of the Statute of Frauds, so called.

2. An agreement in writing to pay the debt of another is invalid if the same is obtained by fraud.

3. An agreement in writing to pay the debt of another is invalid if the same is obtained by coercion.

4. An agreement in writing to pay the debt of another is invalid if the same is obtained by threats."

The plaintiff does not argue the defendant's first request and his objection must be treated as waived. In any event no error of law appears. With respect to the defendant's second request while it should not have been granted it became immaterial in view of the judge's findings in which no finding of fraud is made. *Liberatore v. Framingham,* 315 Mass. 538; *Strong v. Haverhill Electric Co.,* 299 Mass. 455.

The defendant's third and fourth requests allowed by the Court were not correct rulings of law. An agreement to pay the debt of another obtained by threat or coercion is not invalid but voidable at the election of the party against whom the threats are made. *Fairbanks v. Snow,* 145 Mass. 153; *Foss v. Hildreth,* 10 Allen 76; *Willett v. Herrick,* 258 Mass. 585.

It is of course the duty of the judge to properly instruct himself as to the law. *Biggs v. Densmore,* 323 Mass. 106; *Hetherington v. Firth,* 210 Mass. 8; *Adamaitis v. Metropolitan Life Ins. Co.,* 295 Mass. 215.

However, error of law to be ground for review must be prejudicial. If it appears as it does in this case that an incorrect ruling of law has been made but that the decision of the court was in fact governed by correct principles of law no new trial will be ordered. The judge in accordance with correct principles of law found as a fact that there was duress. This made the agreement of the defendant voidable and it is obvious that the defendant has

disavowed it. *Freeman v. Robinson*, 238 Mass. 449; *Smith v. C.*, 210 Mass. 259.

Since we find no prejudicial error, the report is *Ordered Dismissed*.

Selwyn I. Braudy, for the Plaintiff.

James Fox, for the Defendant.

*Southern District*